**SO ORDERED.**
**SIGNED this 26th day of June, 2017**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION AT KNOXVILLE**

| | | |
|---|---|---|
| **IN RE:** | ) | |
|     **JANICE L. DAVIS,** | ) | **Case No.: 16-BK-33409-SHB** |
| | ) | **Chapter 7** |
|     Debtor. | ) | |

| | | |
|---|---|---|
| | ) | |
| **JOHN P. NEWTON,** | ) | |
|   **CHAPTER 7 TRUSTEE,** | ) | |
| | ) | |
|     Plaintiff, | ) | |
| vs. | ) | **Adv Proc. No.: 17-ap-3007-SHB** |
| | ) | |
| **METAL CRAFT FABRICATION** | ) | |
|   **AND SALES, LLC,** | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**PRETRIAL ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, made applicable to

bankruptcy adversary proceedings by Rule 7016 of the Federal Rules of Bankruptcy Procedure, a

scheduling conference was held on June 22, 2017, in this adversary proceeding in which Plaintiff asserts claims under the provisions of 11 U.S.C. § 547(b) and § 548(a)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2), 157(c) and/or (2) and the parties agree to entry of a final judgment and orders by the bankruptcy court even if it is later determined that this proceeding or any claim asserted in this proceeding does not constitute a core proceeding. Upon agreement of the parties, the Court directs the following:

1. Trial of this adversary proceeding will be held on February 27, 2018 commencing at 9:00 a.m. in Bankruptcy Courtroom 1-C, First Floor, Howard H. Baker, Jr. United States Courthouse, Knoxville, Tennessee.

2. The parties will observe the following pretrial schedule:

A. **<u>Discovery</u>**. Rule 26(a)(1) initial disclosures shall be exchanged on/or before July 7, 2017. Discovery shall be completed no later than September 29, 2017 unless counsel extend the discovery cutoff date by agreement or the Court for good cause shown extends the deadline. **This discovery cutoff date is the last date for serving responses to discovery requests. To be timely, therefore, discovery requests must be served sufficiently in advance of the deadline for responses to be made**.

Before filing a motion to compel discovery, a motion for protective order, or another motion relating to disclosure or discovery, a party must (after having in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the issue without court action) request a conference with the Court. Such request for a pre-motion conference shall be made by a one-page, single-spaced letter to the Court, filed by the party seeking relief. The request shall contain no argument but shall provide a general summary of the issues to be discussed at the conference. No response to the request shall

be filed unless directed by the Court. If the Court does not grant the request for a pre-motion discovery conference, or if the conference fails to resolve the dispute, a discovery motion may then be filed with Court permission.

      B.    **<u>Dispositive Motions</u>**. Dispositive motions shall be filed no later than October 16, 2017, with responses thereto due within twenty-one days thereafter.

      C.    **<u>Witness Lists</u>**. Final witness lists shall be exchanged at least fourteen days prior to trial. The parties shall file their witness lists at least ten days prior to trial.

This provision does not supplant the *disclosure* requirement in subdivisions (a)(3)(A)(i) and (ii) of Rule 26 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

      D.    **<u>Exhibits</u>**. Notwithstanding any objections, duplicate sets of exhibits with an accompanying index shall be jointly pre-marked and pre-filed in paper form with the clerk's office at least ten days prior to trial. If the number of exhibits totals ten or more, they shall be tabbed and in notebooks. All such exhibits will be deemed admissible at trial by any party subject only to objections grounded solely under Federal Rule of Evidence 402 or 403 unless objections to admissibility are filed at least seven days prior to trial.

This provision does not supplant the *disclosure* requirement in subdivisions (a)(3)(A)(i), (ii), and (iii) of Rule 26 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

Only if all parties agree to present evidence solely by electronic means, then at least ten days prior to trial, the jointly pre-marked and pre-filed exhibits shall be submitted to the clerk's office on a flash drive, CD-ROM, or DVD together with one set of the exhibits in

paper form.  All such exhibits will be deemed admissible at trial by any party subject only to objections grounded solely under Federal Rule of Evidence 402 or 403 unless objections to admissibility are filed at least seven days prior to trial.

    E. **Joint Pretrial Statement**.  A joint pretrial statement, including all stipulations of undisputed facts and the issues to be addressed at trial shall be filed at least ten days prior to trial.  The joint pretrial statement shall also include a statement concerning the use of the court's electronic evidence presentation equipment, including whether either or both parties intend to use the equipment.

    F. **Briefs**.  Briefs shall be filed at least ten days prior to trial.

    G. **Electronic Evidence Presentation**.  If one or more of the parties desire to use the court's electronic evidence presentation equipment, in addition to so stating in the joint pretrial statement, notice must be given at least five working days before the trial directly to Judge Bauknight's courtroom deputy clerk, Ms. Heather Connatser (865-545-4284 or at Heather_Connatser@tneb.uscourts.gov).  Counsel must have received training on the use of the equipment before using it in any trial.  Counsel shall contact Ms. Connatser to schedule initial or refresher training at least fifteen days before the trial.

    H. **Compliance With Deadlines**.  **The schedule and deadlines established by this Order shall not be altered except by further order of the Court based on an agreement of the parties or for good cause shown.  The Court expects the parties to comply with the deadlines established by this Order and cautions that a failure to do so may result in the imposition of sanctions, the rescheduling of the trial, or other consequences.**

###

**/s/** John P. Newton, BPR #010817
/s/ Richard M. Mayer, BPR # 005534
LAW OFFICES OF MAYER & NEWTON
Attorneys for Plaintiff
1111 Northshore Drive, Suite S-570
Knoxville, Tennessee 37919
(865) 588-5111 Telephone



/s/ Ryan E. Jarrard, BPR # 024525
Ryan E. Jarrard, Esquire
Quist, Fitzpatrick & Jarrard, PLLC
Attorneys for Defendant
2121 First TN Plaza
Knoxville, TN  37929