**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

JANICE LYNNE DAVIS
aka JANICE HALL

        Debtor

Case No. 3:16-bk-33409-SHB
Chapter 7

JOHN P. NEWTON, JR., TRUSTEE

        Plaintiff

v.

METAL CRAFT FABRICATION AND SALES, LLC

        Defendant

Adv. Proc. No. 3:17-ap-3007-SHB

**MEMORANDUM ON CROSS
MOTIONS FOR SUMMARY JUDGMENT**

**APPEARANCES:**    MAYER & NEWTON
        John P. Newton, Jr., Esq.
        1111 Northshore Drive
        Suite S-570
        Knoxville, Tennessee  37919
        Attorneys for Plaintiff

        QUIST, FITZPATRICK & JARRARD, PLLC
        Ryan E. Jarrard, Esq.
        2121 First Tennessee Plaza
        800 South Gay Street
        Knoxville, Tennessee  37929
        Attorneys for Defendant

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Plaintiff initiated this adversary proceeding on March 31, 2017, by the filing of the Complaint [Doc. 1], asking the Court to avoid a pre-petition transfer from Debtor to Defendant pursuant to 11 U.S.C. § 547 and/or § 548 to be recovered for the benefit of Debtor's bankruptcy estate pursuant to 11 U.S.C. § 551.[1] Presently before the Court are Defendant's Motion for Summary Judgment with supporting documents [Docs. 13, 16, 14] and Plaintiff's Motion for Partial Summary Judgment with supporting documents [Docs. 17, 18, 19]. Plaintiff's motion argues that summary judgment is appropriate solely because the Court should reject Defendant's argument that the prepetition payment from Debtor to Defendant constituted "new valye" under § 547(c)(1). The parties each oppose the other's motion. [Docs. 21, 22, 23, 24.]

Because the Court finds that the payment by Debtor to Defendant did not constitute new value under § 547(c)(1), the Court will enter judgment in favor of Plaintiff under § 547(b).

## I. Facts

The parties have stipulated and/or the record reflects the following facts. From 2008 through May 5, 2016, Debtor was employed as Defendant's office manager. [Docs. 16 at ¶ 1, 21 at ¶ 1.] Because her responsibilities included managing Defendant's finances, Debtor had access to and was a signatory on Defendant's bank accounts, through which she paid not only Defendant's business expenses, but also, without permission and in violation of her employment, a number of her personal expenses, including her home mortgage, her car, and her credit cards. [Docs. 16 at ¶¶ 2-5, 21 at ¶¶ 2-5.] As a result of her admission that she embezzled $120,000.00 from Defendant, Debtor was fired by Defendant. [Docs. 16 at ¶¶ 7-8; 21 at ¶¶ 7-8.]

Debtor was prosecuted by the State of Tennessee for embezzlement and charged with theft of property over $60,000.00 in violation of Tennessee Code Annotated § 39-14-103, a Class

---

[1] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

B felony, which subjected Debtor to a potential prison sentence of eight to twelve years. [Docs. 16 at ¶¶ 10-11, 21 at ¶¶ 10-11.] She entered into a plea agreement prior to a trial on the merits, through which the State of Tennessee agreed to allow her to avoid jail time by serving a Community Corrections sentence. [Doc. 14-3, ¶¶ 8-9.[2]] Debtor's plea included an agreement that she would repay $120,000.00 in restitution to Defendant. [Docs. 19 at ¶ 3, 22 at ¶ 3.] In connection with her plea, Debtor signed an agreement on September 9, 2016, and tendered a check payable to Defendant for $70,000.00 on that same date. [Docs. 19 at ¶¶ 3-5, 19-2, 22 at ¶¶ 3-5.] The $70,000.00 payment was partially funded by the sale of Debtor's residence. [Docs. 16 at ¶ 21, 21 at ¶ 21.]

Debtor filed her Chapter 7 bankruptcy case on November 16, 2016, and received a discharge on March 1, 2017. [Docs. 19 at ¶ 1, 19-1, 19-5 at ¶ 4.a.] Seven days after discharge was entered, Defendant filed *Metal Craft Fabrication and Sales, LLC v. Janice L. Davis*, Adv. Proc. No. 3:17-ap-03004-SHB, seeking a determination that it did not receive notice of Debtor's bankruptcy case and that the debt owed as a result of her embezzlement was not dischargeable under 11 U.S.C. § 523(a). Defendant's adversary proceeding against Debtor resulted in the April 19, 2017 entry of an Agreed Judgment Determining Dischargeability of Debt by which Defendant was granted a nondischargeable judgment against Debtor in the amount of $120,000.00, which includes the $70,000.00 that Plaintiff seeks to avoid in this adversary proceeding. [Docs. 16 at ¶ 9, 21 at ¶ 9.]

---

[2] Plaintiff objected to this statement of fact submitted by Defendant, arguing that evidence of settlement discussions is not admissible. The Court overrules Plaintiff's objection and accepts the evidence as undisputed based on the undisputed Affidavit of Matthew L. Dunn [Doc. 14-3], but such evidence is admitted solely for the purpose of determining whether summary judgment is appropriate.

## II. Summary Judgment Standard

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (applicable in adversary proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure). The Court does not weigh the evidence to determine the truth of the matter asserted when deciding a motion for summary judgment but simply determines whether a genuine issue for trial exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Each movant bears the burden of proving that summary judgment is appropriate by establishing that there is no genuine dispute concerning any material fact, such that any defense alleged is factually unsupported. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the initial burden of proof is met, the non-moving party must prove that there is a genuine dispute of material fact for trial but may not rely solely on allegations or denials contained in the pleadings. *See Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006) (holding that reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient"); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, and the Court must decide whether "the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243. Nevertheless, when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

### III.  Analysis

Plaintiff's cause of action arises under 11 U.S.C. § 547(b), which allows a Chapter 7 trustee to avoid a preferential transfer made by a debtor to a creditor if the transfer was made within ninety days before the petition date and was made for the benefit of the creditor on account of an antecedent debt while the debtor was insolvent, thus enabling the creditor to receive more than it would have received in a Chapter 7 liquidation case. Subsection (c) provides a number of statutory defenses including the following, as asserted by Defendant:

(c)  The trustee may not avoid under this section a transfer —

(1) to the extent that such transfer was

> (A) intended by the debtor and the creditor to and for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
> (B) in fact a substantially contemporaneous exchange[.]

11 U.S.C. § 547(c). A trustee who alleges a preferential transfer bears the burden of proving each element, and the party asserting a § 547(c) statutory defense bears the burden of proving each element. The elements of both the claim and defense must be satisfied by a preponderance of the evidence. *See* 11 U.S.C. § 547(g).

Particularly important to the instant case, the Bankruptcy Code expressly provides:

> "[N]ew value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation[.]

11 U.S.C. § 547(a)(2).

Based on the record before it, the Court finds that Plaintiff has proved – and Defendant has offered nothing adequate to refute – that the requirements of § 547(b) have been satisfied. That is, the undisputed facts establish that Debtor paid $70,000.00 to Defendant within the ninety-day period before Debtor filed for bankruptcy; Debtor was insolvent at the time she made the transfer; the payment was on account of an antecedent debt; and the transfer put Defendant in a better position than it would have been in Debtor's Chapter 7 bankruptcy case had it not received the $70,000.00. Defendant argues that § 547(c)(1) applies. Specifically, Defendant asserts that Debtor received new value when she paid $70,000.00 toward her restitution debt in exchange for a sentence that did not include incarceration. Thus, the "key question is whether the Debtor's freedom constitutes 'new value' as set forth under 11 U.S.C. § 547(c)." [Def.'s Br. Supp. Mot. Summ. J. [Doc. 14] at p. 6.] Based on relevant case law and the statutory definition

of "new value" itself, the Court finds that Debtor's payment of restitution under the plea agreement was not "new value" as contemplated by the statute.

### A.  Contemporaneous Exchange for New Value

"Under the 'new value' defense, a transfer is not a preference if (1) the defendant extended new value to the debtor, (2) both the defendant and the debtor intended the new value and reciprocal transfer by the debtor to be contemporaneous, and (3) the exchange was in fact contemporaneous." *Thermoview Indus., Inc. v. Nelson E. Clemmens Westchester Fire Ins. Co. (In re Thermoview Indus., Inc.)*, 358 B.R. 330, 335-36 (Bankr. W.D. Ky. 2007) (citing *Ray v. Sec. Mut. Fin. Corp. (In re Arnett)*, 731 F.2d 358, 362 (6th Cir. 1984)).  "[A] vast majority of courts agree that 'new value' for purposes of § 547 must be something of tangible economic value.  This view is in keeping with the purpose new value serves:  replenishing the *estate*." *Walls v. Gruen Mktg. Servs., Inc. (In re Paradise Valley Holdings, Inc.)*, 347 B.R. 304, 309 (Bankr. E.D. Tenn. 2006) (emphasis added) (citations omitted); *see also McLemore v. Third Nat'l Bank (In re Montgomery)*, 123 B.R. 801, 812 (Bankr. M.D. Tenn. 1991) ("The new value must be value to the estate – in the absence of an enhancement of the *estate*, the defense fails." (emphasis added)).

Unquestionably, restitution payments may be recovered as preference, and the public policy for allowing restitution payments to be recovered by a Chapter 7 trustee for the benefit of a debtor's estate is clear:  "excepting restitution obligations from avoidance actions takes money away from the estate and other unsecured creditors.  The consequence would leave the unsecured creditors paying for the Debtor's criminal actions." *Smith v. Rogers (In re Castelhano)*, No. 07-1049-MWV, 2009 WL 1870956, at *3 (Bankr. D.N.H. June 24, 2009).  There is no bright-line rule, however, as to whether restitution under a plea agreement constitutes new value, and the

case law in the Sixth Circuit is lacking.[3] In support of its argument that payment of the restitution in lieu of a jail sentence constitutes new value, Defendant has cited to *Official Committee of Unsecured Creditors v. State of Florida (In re Tower Environmental, Inc.)*, 260 B.R. 213 (Bankr. M.D. Fla. 1998). [Def.'s Br. Supp. Mot. Summ. J. [Doc. 14] at pp. 7-8.] This case, however, addresses only § 548 issues, and the Court does not find the case persuasive on the § 547 issue. In *Liberty Mutual Insurance Co. v. State of New York (In re Citron)*, 428 B.R. 562 (Bankr. E.D.N.Y. 2010), the court suggested that, under certain facts and/or circumstances, restitution paid prepetition could constitute new value to a creditor. The *Citron* court found that the debtor-husband's claim of contemporaneous exchange was met, but it declined to rule on summary judgment based on lack of proof, stating that:

> Neither side has provided briefing on whether agreeing to a prison sentence shorter than what the charged offenses could provide and/or reduced fines of less than what the charged offenses could provide constitutes money or money's worth transferred by N.Y. for purposes of Section 547(c)(2). Further, no summary judgment evidence is before this Court as to the quantitative value of the reduced prison term and/or reduced fines from which this Court could determine the extent to which N.Y. provided new value, if any.

*In re Citron*, 428 B.R. at 574.

The Court finds persuasive the Ninth Circuit Bankruptcy Appellate Panel's express rejection of Defendant's argument here: "We fail to see how the avoidance of incarceration fits within the . . . definition of new value . . . [because n]othing listed within th[e § 547(a)(2)] definition even resembles the avoidance of incarceration." *Babitzke v. Mantelli (In re Mantelli)*, 149 B.R. 154, 158 (B.A.P. 9th Cir. 1993). More recently, the bankruptcy court in *Spero v. Community Chevrolet, Inc. (In re Grooms)*, 572 B.R. 559 (Bankr. W.D. Pa. 2017), also looked to

---

[3] Because the criminal prosecution to which this case relates was not federal, the Court does not address the impact here of the Sixth Circuit's decision in *United States v. Robinson (In re Robinson)*, 764 F.3d 554 (6th Cir. 2014), concerning the interplay of the Code with provisions of the Mandatory Victims Act, 18 U.S.C. § 3613, and finding that the government can satisfy a restitution judgment from property of the bankruptcy estate.

the statutory definition to reject the proposition that restitution constitutes new value as contemplated under § 547(c)(1). Citing to and relying on an earlier case, the *Grooms* court expressly rejected the *Tower* and *Citron* analysis and agreed with the approach taken in *Instrumentation and Controls, Inc. v. Northeast Union, Inc. (In re Instrumentation & Controls, Inc.)*, 506 B.R. 677, 679 (Bankr. E.D. Pa. 2014). There, the court held that allowing restitution to fall within the § 547(c)(1) defense does not "comport[] with the underlying reason for recognizing a new value defense to a preference claim." The *Instrumentation & Controls* court explained:

> The § 547(c)(1) defense is rooted in one of the core purposes of bankruptcy preference law, which is to permit the trustee to recover certain transfers made shortly before the filing of the bankruptcy case in order to promote the orderly, equality of distribution among creditors . . . [.] Thus, if the bankruptcy estate was not depleted or diminished by a transfer because *the estate* received back new value equivalent to the value of the outgoing transfer, there is no detriment to the other creditors, no bankruptcy purpose is achieved by setting aside the transfer, and § 547(c)(1) provides a defense to the preference claim.

*In re Grooms*, 572 B.R. at 578 (emphasis added) (citing *In re Instrumentation & Controls, Inc.*, 506 B.R. at 679).

Moreover, the *Grooms* court correctly relied on the statutory definition of "new value," analyzing the plain language of § 547(a)(2) and agreeing with other courts that intangible benefits, such a reduction in sentence, do not fit within the definition.

> Whatever a reduction in sentence may be, it is not money, goods, new credit, or a property release. Possibly it could be argued that a reduction in sentence constitutes a "service," the sole remaining category recognized in the statutory definition, but that seems a stretch. . . . It would appear to the Court that a reduction in a sentence is just the sort of esoteric or intangible benefit that will not be recognized as new value, and that furthermore any benefit received went only to the Debtor personally and did not redound in any way to the benefit of the estate and the creditors, generally.

*In re Grooms*, 572 B.R. at 578-79 (citing *Aero-Fastener, Inc. v. Sierracin Corp. (In re Aero-Fastener, Inc.)*, 177 B.R. 120, 137 (Bankr. D. Mass. 1994) (citing cases for the proposition that "[a] vast majority of courts agree that 'new value' for purposes of § 547 must be something of tangible economic value"); *Saracheck v. Luana Sav. Bank (In re Agriprocessors, Inc.)*, 547 B.R. 292 (N.D. Iowa 2016)).

Although the issue of restitution as new value in conjunction with § 547 has not been specifically addressed in the Sixth Circuit, in *Richardson v. R.B.K. Corp. (In re Tyler)*, 379 B.R. 707, 710 (Bankr. W.D. Mich. 2007), on similar facts, the court stated without elaboration that "[n]one of the statutory affirmative defenses to avoidance of the preferential transfer are applicable."  Courts within the Sixth Circuit also appear to agree uniformly that intangible benefits do not fall within the § 547(a)(2) definition of new value. *See, e.g., Madden v. Morelli (In re Energy Conversion Devices, Inc.)*, 548 B.R. 208, 233 (Bankr. E.D. Mich. 2016) (holding that a release of claims against the debtor "was not 'money or money's worth in goods, service, or new credit' within the meaning of the § 547(a)(2) definition [and] did not give [the debtor] any 'goods, services, or new credit,' even if it could be characterized as 'money or money's worth'"); *In re Thermoview Indus., Inc.*, 358 B.R. at 336 (stating that new value "means money or money's worth, but does not include an obligation substituted for an existing obligation").

In light of these decisions by other bankruptcy courts within the Sixth Circuit, this Court finds particularly persuasive the *Grooms* court's reliance on the fact that § 547(a)(2) uses the term "means" instead of "includes" to define "new value":

> It is not at all clear that a reduction in sentence can fit within this definition, particularly where the use of the word 'means' rather than 'includes' indicates that the definition is exclusive and not open-ended.

*In re Grooms*, 572 B.R. at 578.

The policy reasoning in *Grooms* is also persuasive:

> While a reduction in a debtor's criminal sentence undoubtedly benefits the debtor personally, it does nothing to bring anything of financial value back into the estate to offset the detriment to the other creditors caused by the restitution payment. Thus, recognition of a reduction in sentence as new value received in exchange for payment of restitution is highly questionable in light of the purpose of the Section 547(c)(1) new value defense.

*Id.*

Additionally, Defendant is not without a remedy. Aside from the fact that Defendant will receive a pro rata distribution from the recovered asset by Plaintiff, it also has obtained a nondischargeable judgement in this Court for the entire $120,000.00 that was embezzled by Debtor. Avoiding the $70,000.00 prepetition, preferential payment from Debtor to Defendant does not alleviate Debtor's requirement to pay the entire restitution amount to Defendant.

### B.  Debtor's Interest in the $70,000.00 Payment

Defendant alternatively argues that at the time Debtor paid $70,000.00 to Defendant, she had no interest in the funds because they were ill gotten gains from her embezzlement such that the funds did not fall within the scope of § 547. In support of this argument, Defendant cites to Tennessee Code Annotated § 40-20-116(a), which provides, *inter alia*, that the value of property stolen shall be ascertained and restitution made, and § 40-35-304, which allows a court to direct a criminal defendant to pay restitution as a condition of probation. Defendant urges the Court to find that the $70,000.00 was not actually property of Debtor but was property of Defendant, stating:

> Debtor did not have an interest in any part of the fraudulently obtained $120,000.00, which she embezzled, including the $70,000.00 paid on September 9, 2016. The superior interest remained at all times with the Defendant. As a result, the Debtor did not have an interest in the transfer, and the Trustee may not recover it for the benefit of the estate.

[Def.'s Br. Supp. Mot. Summ. J. [Doc. 14] at pp. 12-13.]

The Court disagrees with this line of reasoning. Although § 547 only authorizes the trustee to avoid any transfer "of an interest of the debtor in property," numerous courts, including the Sixth Circuit Court of Appeals, have held that debtors retain an interest in property even if the property was obtained illegally. *McLemore v. Third Nat'l Bank (In re Montgomery)*, 983 F.2d 1389, 1393 (6th Cir. 1993) (finding that "the fact that much of the property at issue . . . was created illegally does not mean that it was not 'property'"), *cited in Guttman v. Fabian (In re Fabian)*, 458 B.R. 235, (Bankr. D. Md. 2011) (rejecting an argument that funds transferred by the debtor were not property for purposes of § 548 because they were fraudulently obtained or misappropriated from creditors and citing cases).

Thus, it matters not for the § 547 interest analysis that Debtor embezzled $120,000.00 from Defendant during the course of her employment between 2008 and 2016 and that she spent those funds in various ways, including paying the mortgage on her house, the sale of which provided part of the proceeds for the prepetition payment to Defendant. [Docs. 16 at ¶¶ 5-6, 21 at ¶¶ 5-6, 14-2 at ¶ 5.] The funds that Debtor paid to Defendant prepetition ultimately might have been proceeds of her embezzlement, but they were Debtor's property and she was within her power to spend them as she chose, irrespective of the requirement by the plea agreement to pay $70,000.00 to Defendant. Thus, Debtor "was actually able to exercise sufficient dominion and control over the funds to demonstrate an interest in property." *In re Montgomery*, 983 F.2d at 1395 (citation omitted).

### IV. Summary

Because there is no genuine issue of material fact in dispute that Plaintiff is entitled to a judgment avoiding as a preference the $70,000.00 that Debtor paid to Defendant on September 9, 2016, sixty-eight days before the filing of her bankruptcy case, Defendant's Motion for

Summary Judgment will be denied, and Plaintiff's Motion for Partial Summary Judgment will be granted.

A Judgment consistent with this Memorandum will be entered.

FILED:  February 1, 2018

BY THE COURT

*/s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE